Not for Publication in West's Federal Reporter
Citation Limited Pursuant to 1st Cir. Loc. R. 32.3

# United States Court of Appeals
## For the First Circuit

No. 02-1321

SAFI KACHMAR, d/b/a Security & Communications Center,
a/k/a Kachmar,

Plaintiff, Appellant,

v.

FRED VARONE, Buildings Inspector, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Morris E. Lasker,  Senior U.S. District Judge]

Before

Selya, Lynch and Howard,

Circuit Judges.

Safi Kachmar on brief pro se.
Jocelyn M. Sedney and Brody, Hardoon, Perkins & Kesten, LLP on
brief for appellees Fred Varone, Buildings Inspector, Kevin Nigro,
Buildings Inspector, and Town of Saugus.

December 20, 2002

**Per Curiam**. Safi Kachmar brought this action pursuant to 42 U.S.C. § 1983 against Kanaiyalal Patel ("Ken Patel"), Mujala Patel, the Town of Saugus, and two Saugus officials, claiming due process and equal protection violations based on allegations that defendants had "ordered [him] to close down his business . . . and [fined him] $1,000 per day." We concur with the district court's conclusion that the allegations in the amended complaint fail to state a claim upon which relief can be granted.

Although Kachmar brought this action in his own name d/b/a Security & Communications Center ("S & C"), he concedes in his appellate brief that S & C was incorporated long before he commenced the action and that Ken Patel was the sole director, officer and shareholder of the corporation. Kachmar's amended complaint does not allege that he was authorized to sue on the corporation's behalf and no such authority is evident in any of the documents incorporated into the complaint. Kachmar therefore lacks standing to sue on behalf of the corporation. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).

Moreover, to the extent Kachmar's claims are based on the town defendants' interpretation of the liquor license for the commercial site Kachmar sought for S & C, Kachmar fails to allege any property interest in the license sufficient to

invoke the district court's jurisdiction; to establish standing sufficient to maintain a federal claim, a plaintiff must demonstrate (1) an "injury-in-fact" (2) that is fairly traceable" to the proceeding below, and (3) is "likely" to be "redressed by a favorable decision." Id. Moreover, Kachmar's own allegations and the documents annexed to his complaint clearly show that Ken Patel was the holder of the license. Again, Kachmar fails to allege an invasion of a legally protected interest and is therefore without standing to pursue this litigation. Id.

In any event, Kachmar's claims are insufficient to state a § 1983 claim. In the absence of a "fundamental procedural irregularity [or] racial animus," a conventional zoning dispute does not implicate constitutional concerns. Creative Environments, Inc. v. Estabrook, 680 F.2d 822, 833 (1st Cir. 1982); Chongris v. Board of Appeals, 811 F.2d 36, 41-42 (1st Cir. 1987). Kachmar has not alleged any such procedural defect or animus.

We further note that Kachmar has failed to state a claim against Ken and Mujala Patel for the additional reason that neither of them is a state actor. Malachowski v. City of Keene, 787 F.2d 704, 710 (1st Cir. 1986) (per curiam) ("It is black-letter law that a showing of interference with a constitutionally-protected right by someone acting under color

of state law is a prerequisite to a § 1983 action.").  Finally, Kachmar's claims against the Town of Saugus were also properly dismissed because the complaint did not allege that any policy or custom of the town was responsible for inflicting any of the claimed injuries.  See Burrell v. Hampshire County, 307 F.3d 1, 10 (1st Cir. 2002); Kelley v. LaForce, 288 F.3d 1, 9 (1st Cir. 2002).

Accordingly, the judgment of the district court is summarily affirmed.  See Loc. R. 27(c).